UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| CK LIQUIDATION CORPORATION, | ) | |
| | ) | |
| | ) | |
| Debtor | ) | Civ. App. No. 05-40062- NMG |
| | ) | |
| | ) | |
| PHOEBE MORSE | ) | |
| UNITED STATES TRUSTEE, | ) | |
| REGION ONE, | ) | |
| | ) | |
| Appellant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROPES & GRAY, LLC | ) | Bk. Case No. 03-44906-HJB |
| | ) | |
| Appellee | ) | |
| | ) | |

**UNITED STATES TRUSTEE'S CITATION
OF SUPPLEMENTAL AUTHORITY AND
MOTION TO SCHEDULE ORAL ARGUMENT
(WITH CERTIFICATE OF SERVICE)**

Pursuant to 28 U.S.C. § 158(a), Fed. R. App. P. 28(j) and Fed. R. Bankr. P. 8009, 8011 and 8012, Appellant Phoebe Morse, the United States Trustee for Region One, cites the Court to recent authority supporting her position in the above appeal and moves the Court to schedule oral argument for a convenient date on its calendar. In support, the United States Trustee states:

1.  A recent decision supports the United States Trustee's position that the court below erred in ignoring *Lamie v. United States*, 540 U.S. 526 (2004), when it awarded Appellee Ropes & Gray LLC ("Ropes") fees for chapter 7 services. In *In re*

1

*Blurton*, __ B.R. __, 2005 WL 3370437 (Bankr. W.D. Tenn. 2005), the court held that *Lamie* authorized compensation awards to the debtors' attorneys from estate funds for chapter 7 work only if they had been employed by the chapter 7 trustee under section 327. The court stated:

> In the case of *Lamie v. United States Trustee* . . . the United States Supreme Court held that "§ 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds unless they are employed as authorized by § 327. If the attorney is to be paid from estate funds under § 330(a)(1) in a chapter 7 case, he must be employed by the trustee and approved by the court . . . In analyzing the *Lamie* decision, this Court finds that the Supreme Court's reasoning is clear. A trustee has a statutory duty to preserve the estate and make the largest possible disbursement to a debtor's creditors. One of the ways in which the trustee carries out this duty is by monitoring and controlling how the estate's funds are spent. Limiting a debtor's attorney to payment of fees only if he is employed under § 327 is the most effective way for the trustee to carry out this duty in relation to payment for professional services. Allowing a debtor or an attorney to circumvent the Supreme Court's ruling by simply filing a request for payment of the fees under § 503(b)(1) would amount to quashing the trustee's opportunity to preserve the estate . . . .

*In re Blurton*, __ B.R. __, 2005 WL 3370437 at 3. The *Blurton* case supports the arguments advanced by the United States Trustee in both her June 3, 2005 opening brief at pages 13 – 18 and her August 4, 2005 reply brief at pages 2 – 8.

2.  The Court's April 15, 2005 scheduling order established briefing deadlines for the parties.[1] *See* **Docket #s 2-5**. The time for briefing has closed, and the United States Trustee submits that the issues on appeal are ripe for determination. Fed. R. Bankr. P. 8009(a) and 8012.

3.  Accordingly, the United States Trustee respectfully requests that the Court schedule oral argument for a convenient date on its calendar. Fed. R. Bankr. P. 8012.

---

[1] Ropes transmitted a copy of its opening brief the United States Trustee on or about July 25, 2005. It does not appear on the Court's docket, however.

WHEREFORE, the United States Trustee prays that the Court: i) consider the *Blurton* decision as pertinent authority supporting her position under Fed. R. App. P. 28(j); and ii) enter orders: a) scheduling oral argument on this appeal for a convenient date on the Court's calendar; and b) granting her such other and further legal and equitable relief to which she may be entitled.

        Respectfully submitted,

        PHOEBE MORSE

        United States Trustee

By: /s/ Eric K. Bradford
    Eric K. Bradford BBO#560231
    United States Department of Justice
    Thomas P. O'Neill Jr. Federal Bldg.
    10 Causeway Street, Room 1184
    Boston, MA 02222
    (617) 788-0415
    Eric.K.Bradford@USDOJ.gov

Dated: December 21, 2005.

/

## CERTIFICATE OF SERVICE

I certify that on December 21, 2005, true and correct copies of the foregoing motion were served by United States mail, First Class postage pre-paid, or by email upon the individuals listed below and by ECF upon all persons having filed notices of appearance in the Court's ECF database.

PHOEBE MORSE

United States Trustee

By:   /s/ Eric K. Bradford
Eric K. Bradford BBO#560231
United States Department of Justice
Thomas P. O'Neill Jr. Federal Bldg.
10 Causeway Street, Room 1184
Boston, MA 02222
(617) 788-0415
Eric.K.Bradford@USDOJ.gov

Dated: December 21, 2005.

## PARTIES TO APPEAL AND THEIR RESPECTIVE COUNSEL

CK Liquidation Corporation
33 Boston Post Road West
Suite 120
Marlboro, MA 01752
Tax id: 04-3079696
(Debtor )
*dba*
Baystate Technologies, Inc.
*fka*
Cadkey Corporation

/

James M. Wilton, Esq.
Stephen Moeller-Sally, Esq.
Erin T. Fontana, Esq.
Ropes and Gray LLP
One International Place
Boston, MA 02110-2624
617-951-7000
Fax : 617-951-7050
Email: jwilton@ropesgray.com
(Counsel to CK Liquidation Corp.)

John A. Burdick, Esq.
340 Main Street
Worcester, MA 01608
508-752-4633
(Chapter 7 Trustee)

Charles Azano, Esq.
Richard E. Mikels, Esq.
Mintz, Levin,Cohn, Ferris, Glovsky
and Popeo, P.C.
1 Financial Center
Boston, MA  02111
617-542-6000
Email: cazano@mintz.com
(Counsel to Chapter 7 Trustee)

John F. Ward, Esq.
Bromberg & Sunstein, LLP
125 Summer Street
Boston, MA 02110
(Chair, Official Committee Of Unsecured Creditors)

Michael J. Goldberg, Esq.
Cohn Whitesell & Goldberg
101 Arch Street
Boston, MA 02110
(617) 646-2000
Email: goldberg@cwg11.com
(Counsel to the Official Committee of Unsecured Creditors)