**TABLE OF CONTENTS**

**Table of Authorities** ................................................................................................. iii

**Statement of Basis of Appellate Jurisdiction** ............................................................. 1

**Statement of Standard of Review** ............................................................................. 1

**Summary of Argument** ............................................................................................. 2

**Statement of the Case** ............................................................................................... 5

**Argument** ................................................................................................................ 11

    A. The U.S. Supreme Court Has Expressly Authorized Chapter 11
    Counsel to Recover Reasonable Transition Costs From a Retainer
    Following a Chapter 7 Conversion .............................................................. 11

    B. Under The Lamie Case and Massachusetts Law, R&G is Entitled
    to Recover Fees for Post-Conversion Date Services from Its Court
    Authorized Security Retainer Because These Services Were Required
    in Connection with Termination of R&G's Engagement .............................. 14

    C. R&G is Entitled to Recover Fees for Post-Conversion Date Services
    Because These Fees are Chapter 11 Administrative Claims Incurred As
    A Result of R&G's Engagement in the Chapter 11 Case Regardless
    of When the Services Were Actually Provided ............................................. 16

    D. Under The Plain Error Standard of Review, The Legal Issues That
    The U.S. Trustee Raises For the First Time On Appeal And New Factual
    Statements in The U.S. Trustee's Brief on Appeal That Contradict the
    U.S. Trustee's Answers to Questions Posed By The Bankruptcy Court At
    Oral Argument Need Not Be Considered By This Court .............................. 20

        1. The U.S. Trustee Failed to Raise Any Objection in the
        Bankruptcy Court to the Portion of R&G's Final Fee
        Application That Seeks Reimbursement for the Expenses
        of Preparing the R&G Final Fee Application ..................................... 22

2. The U.S. Trustee Cannot Rewrite the Trial Court Record
and Deny the U.S. Trustee's Admission that Chapter 11
Counsel Has "Continuing Post-Conversion Duties" ........................... 23

3. On Appeal, the U.S. Trustee Abandons the Only
Argument Asserted Before the Bankruptcy Court, That
"Flat Fee" Retainers Are the Only Type of Retainer
That Qualifies for the Retainer Exception in the Lamie Case ............ 24

4. The U.S. Trustee's Federal Preemption Argument Should
Be Rejected Because It Has No Merit and Because It is Raised
For The First Time On Appeal .............................................................. 25

5. The U.S. Trustee's Argument That R&G's Retainer is
Unenforceable Under Massachusetts Law Should be Rejected
Because It Has No Merit and Because It Is Raised For the
First Time On Appeal ............................................................................ 27

E. The U.S. Trustee's Appeal of the Motion to Reconsider Should
be Denied Because the Unpublished Opinion Appended to the
Motion Does Not Constitute Newly Discovered Evidence or
Establish a Manifest Error of Law or Fact .................................................. 28

Statutory Addendum ........................................................................................... 31

Certificate of Service ........................................................................................... 46

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aero-Fastener, Inc. v. Sierracin Corp. (In re Aero-Fastener, Inc.),
177 B.R. 120 (Bankr. D. Mass. 1994) ................................................................... 28, 30

In re Albrecht, 233 F.3d 1258 (10th Cir. 2000) ............................................................ 15

Aybar v. Crispin-Reyes, 118 F.3d 10 (1st Cir. 1997),
cert. denied, 522 U.S. 1078 (1998) and
cert. denied sub nom. Laboy v. Crispin-Reyes, 522 U.S. 1078 (1998) .................. 29-30

B & T Masonry Constr. Co., Inc. v. Pub. Serv. Mut. Ins. Co., 382 F.3d 36
(1st Cir. 2004) ................................................................................................................ 2

In re Bank of New England Corp., 134 B.R. 450 (Bankr. D. Mass. 1991),
aff'd, 142 B.R. 584 (D. Mass 1992) ........................................................................ 19, 22

Borg-Warner Corp. v. Paragon Gear Works, Inc., 355 F.2d 400 (1st Cir. 1965),
cert. dismissed 384 U.S. 935 (1966) ............................................................................. 2

Brook Vill. N. Assocs. v. Gen. Elec. Co., 686 F.2d 66 (1st Cir. 1982) ........................... 2

Butner v. United States, 440 U.S. 48 (1979) ................................................................ 14

In re Channel Master Holdings, Inc., 309 B.R. 855 (Bankr. D. Del. 2004) ............ 13, 29

Clauson v. Smith, 823 F.2d 660 (1st Cir. 1987) ........................................................... 23

DeNadai v. Preferred Capital Mkts., Inc., 272 B.R. 21 (D. Mass. 2001) ...................... 1

Dichner v. United States., 348 F.2d 167 (1st Cir. 1965) ................................................ 2

In re Ducey, 160 B.R. 465 (Bankr. D. N.H. 1993) ....................................................... 13

In re Equip. Servs., Inc., 290 F.3d 739 (4th Cir. 2002),
aff'd sub. nom. Lamie v. United States Trustee, 540 U.S. 526 (2004) ........................ 15

In re E-Z Serve Convenience Stores, Inc., 299 B.R. 126 (Bankr. M.D. N.C. 2003),
aff'd, 318 B.R. 637 (M.D. N.C. 2004) ......................................................................... 27

In re Hathaway Ranch P'ship, 116 B.R. 208 (Bankr. C.D. Cal. 1990) ........................ 13

Indian Motocycle Assocs. III Ltd. P'ship v. Massachusetts Hous. Fin. Agency, 66 F.3d 1246 (1st Cir. 1995) .................................................................................. 3, 25

Lamie v. United States Trustee, 540 U.S. 526 (2004) ................................................*passim*

In re Mahendra, 131 F.3d 750 (8th Cir. 1997), *cert. denied sub. nom.* Snyder v. DeWoskin, 523 U.S. 1107 (1998) .............................. 15

McCoy v. Massachusetts Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991), *cert. denied*, 504 U.S. 910 (1992) ........................................................................... 20, 26

In re Milwaukee Engraving Co., 219 F.3d 635 (7th Cir. 2000), *cert. denied sub. nom.* Maier, McIlnay & Kerkman, Ltd. v. Bodenstein, 531 U.S. 1112 (2001) ............................................................................................... 15

In re On-Line Servs. Ltd., 324 B.R. 342 (8th Cir. BAP 2005) ......................................... 15

Paradigm Advanced Techs., Inc., Chapter 7, Case No. 03-13424 (MFW) (Bankr. D. Del. 2004) ................................................................................................ 29-30

In re Pine Valley Mach., Inc., 172 B.R. 481 (Bankr. D. Mass. 1994) ..................... 9, 11, 22

Poliquin v. Garden Way, Inc., 989 F.2d 527 (1st Cir. 1993) ........................................... 23

Rosen v. Lawson-Hemphill, Inc., 549 F.2d 205 (1st Cir. 1976) ...................................... 20

In re Roundwood Corp., 72 B.R. 296 (Bankr. D. S.C. 1987) .......................................... 16

Templeman v. Chris Craft Corp., 770 F.2d 245 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985) ................................................................................. 2

United States v. Duarte, 246 F.3d 56 (1st Cir. 2001) ......................................................... 2

United States v. Gonsalves, 735 F.2d 638 (1st Cir. 1984) ............................................... 20

United States v. Griffin, 818 F.2d 97 (1st Cir. 1987), *cert. denied*, 484 U.S. 844 (1987) ................................................................................... 2

United States v. Mulinelli-Navas, 111 F.3d 983 (1st Cir. 1997) ........................................ 1

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), *cert. denied sub nom.* Zannino v. United States, 494 U.S. 1082 (1990) .......................... 23

In re Wedgestone Fin., 142 B.R. 7 (Bankr. D. Mass. 1992) ....................................... 29-30

## STATE CASES

Commonwealth v. Burbank, 27 Mass. App. Ct. 97, 534 N.E.2d 1180 (1989) .................. 16

Goodrich v. Wilson, 119 Mass. 429 (1876) ................................................................ 27

## FEDERAL STATUTES AND RULES

11 U.S.C. § 327 .............................................................................................. 11, 16, 20, 25-26

11 U.S.C. § 329 .............................................................................................................. 12

11 U.S.C. § 330 ................................................................................................ 2, 11-14, 16, 19-20

11 U.S.C. § 341(d) .................................................................................................... 10, 19

11 U.S.C. § 521(3) .......................................................................................................... 19

11 U.S.C. § 726(b) ..................................................................................................... 16-17

28 U.S.C. § 158(a) ............................................................................................................ 1

Fed. R. Bankr. P. 8001(a) ................................................................................................ 1

Fed. R. Bankr. P. 1019(5)(A) ......................................................................................... 18

Fed. R. Bankr. P. 1007 .................................................................................................... 18

Fed. R. Bankr. P. 2003 .................................................................................................... 19

## LOCAL RULES

Mass. Local Bankr. R. 1007-1 ........................................................................................ 19

Mass. Local Bankr. R. 2016-1 ........................................................................................

Mass. Local Bankr. R. 2091-1 ........................................................................................ 18

Mass. Local Bankr. R. 9013-1 ........................................................................................ 21

Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 1.16(d) ............................................. 16, 19

Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 1.16(e) .................................................. 19

APPENDIX OF APPELLEE
INDEX

Document                                                                                                      Tab No.

Transcript of September 7, 2004 Hearing on Final Application of
Ropes & Gray LLP for Compensation and Expenses as Counsel to Debtor...................... 1

Memorandum of Decision on United States Trustee's Motion to Reconsider
Order Allowing Final Application for Compensation and Reimbursement of
Expenses of Ropes & Gray LLP as Counsel to the Debtor.............................................. 2

Order Granting Motion of Debtor for Authorization of the Retention
of Ropes & Gray LLP as Counsel................................................................................... 3

Final Application for Compensation and Reimbursement of Expenses of
Ropes & Gray LLP as Counsel to the Debtor ................................................................ 4

Debtor's Application for Order Under 11 U.S.C. §§ 327(a) and 504 and
Fed. R. Bankr. P. 2014 and 2016 and MLBR 2014-1 Authorizing
Employment and Retention of Ropes & Gray LLP as Attorneys for
Debtor-In-Possession and Statement Pursuant to Fed. R. Bankr. P. 329(a)...................... 5

Order Approving Bidding Procedures and Breakup Fee ................................................. 6

Motion for Conversion of Case from Chapter 11 to Chapter 7 ........................................ 7

Motion of Debtor for an Order Amending the Case Caption........................................... 8

Order Converting Case from Chapter 11 to Chapter 7..................................................... 9

Certificate of Appointment of Interim Trustee and Fixing of Bond............................... 10

Transcript of November 23, 2004 Hearing on Motion of the
United States Trustee to Reconsider Order Allowing Compensation
and Expenses of Ropes & Gray, LLP, as Counsel to the Debtor; Objection
by Ropes & Gray, LLP................................................................................................. 11

United States Trustee's Motion to Reconsider Order Allowing Final
Application for Compensation and Reimbursement of Expenses of
Ropes & Gray LLP as Counsel to the Debtor .............................................................. 12

Objection of Ropes & Gray LLP to the United States Trustee's
Motion to Reconsider Order Allowing Final Application for

Compensation and Reimbursement of Expenses of
Ropes & Gray LLP as Counsel to the Debtor .................................................................. 13

Notice of Hearing on Final Application for Compensation and
Reimbursement of Expenses of Ropes & Gray LLP as counsel
to the Debtor and Certificate of Service ........................................................................... 14

Notice of Nonevidentiary Hearing ..................................................................................... 15

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: CK Liquidation Corporation<br>Debtor, | Chapter: 7<br>Case No: 03-44906<br>Judge Henry J. Boroff |

NOTICE OF NONEVIDENTIARY HEARING

PLEASE TAKE NOTICE that a hearing will be held on **9/7/04 at 11:00 AM** before the Honorable Judge Henry J. Boroff, Courtroom4, Harold Donohue, Federal Building & Courthouse, 595 Main Street, Worcester, MA 01608 to consider the following:

    Doc.#[299] Final Application for Compensation and Reimbursement of Expenses of Ropes & Gray LLP as Counsel to the Debtor.

OBJECTION/RESPONSE DEADLINE:
(If left blank, response deadline shall be governed by the Local Rules.)

THE MOVING PARTY IS RESPONSIBLE FOR:

1. Serving a copy of this notice upon all parties entitled to notice forthwith; and

2. Filing a certificate of service with respect to this notice (7) days after the date of issuance set forth below. If the hearing date is less than (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing. **If the movant fails to timely file a certificate of service, the court may deny the motion without a hearing.**

NOTICE TO ALL PARTIES SERVED:

1. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

2. Any request for a continuance **MUST** be made by **WRITTEN MOTION**. (See MLBR 5071-1)

3. The above hearing shall be nonevidentiary. If, in the course of the nonevidentiary hearing, the court determines the existence of a disputed and material issue of fact, the court will schedule a further evidentiary hearing. If this is a hearing under section 362, it will be a consolidated preliminary and final nonevidentiary hearing unless at the conclusion thereof the court sets down an evidentiary hearing.

4. Deadlines to file an objection or response shall be governed by the Local Rules, unless otherwise ordered by the Court. If no objection is timely filed, the Court, in its discretion, may cancel the hearing and rule on the motion without a hearing or further notice. [See MLBR 9013-1(f)].

Date:8/3/04

By the Court,

Yingmay Steele
Deputy Clerk
(508) 770-8963

309